UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUNICE LaSHAWN
DIXON,

|  | |
|---|---|
| Plaintiff, | Case No. 2:16-cv-14124 |
| | District Judge Judith E. Levy |
| | Magistrate Judge Anthony P. Patti |

v.

FORD MOTOR COMPANY,
*et al.*,

Defendants.
_____/

## **REPORT AND RECOMMENDATION TO GRANT DEFENDANT ST. JOHN PROVIDENCE HEALTH SYSTEM'S UNOPPOSED MOTION TO DISMISS (DE 36)**

I.    **RECOMMENDATION**:  The Court should grant Defendant St. John

Providence Health System's unopposed motion to dismiss based on the Court's

lack of subject matter jurisdiction.  (DE 36.)

II.    **REPORT**

A.    **Factual Background**

Plaintiff, Eunice LaShawn Dixon, who is proceeding without the assistance

of counsel, filed her "Complaint for Employment Discrimination" on November

21, 2016.  (DE 1.)  For the purposes of this motion to dismiss, I have accepted the

allegations in Plaintiff's complaint as true.

Plaintiff was employed by Managed Asset Portfolios ("MAP"), a registered investment advisor located in Rochester, Michigan, as an independent contractor from January 9, 2012 to February 13, 2013.  Plaintiff has been employed by Ford Motor Company ("Ford") as an assembly line worker since November 2014, and is a member of the United Auto Workers Union ("UAW").

Plaintiff brings this Complaint for Employment Discrimination against Ford and MAP, alleging that from March 2015 to present, Defendant Ford stalked and harassed her and created a hostile work environment, and alleging that from March 2012 to present, Defendant MAP "stalked, cyberstalked, harassed, sabotaged job opportunities, and assaulted the Plaintiff at work and after office hours solely because she turned down an offer to become a full-time employee of MAP."  (DE 1 at 8, 13-14.)  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Michigan Department of Civil Rights ("MDCR") against Defendant Ford, alleging that she was bullied, stalked, racially harassed, and subjected to a hostile work environment.  (*Id.* at 22, 26.)  The EEOC issued a Notice of Right to Sue letter on August 19, 2016.  (*Id.* at 20.)

In addition to Defendants Ford and MAP, Plaintiff names numerous other Defendants, including the EEOC, physicians and other medical personnel, and St.

2

John Providence Health System ("St. John").[1] Specifically, although her Complaint is less than clear, Plaintiff alleges that she sought treatment at St. John facilities on June 4, 2014 (prior to working at Ford Motor Company) and August 2, 2015, and that her blood was analyzed at St. John Hospital on or about April 4, 2016.  (DE 1 at 9-11.)  Plaintiff's sole claim against St. John is that "[e]mployees of St. John Hospital circulated information contained in Plaintiff's medical records to the public and other hospital and healthcare systems." (*Id.* at 14.)  With respect to that claim, Plaintiff seeks "[a]ny relief the court sees fit for intentional and unintentional infliction of emotional distress." (*Id.* at 17.)

Plaintiff brings her lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as 18 U.S.C. § 2261(A) (stalking statute), 18 U.S.C. § 875(c) (threat to kidnap in interstate communications), the First, Fourth, Fourteenth, and Fifteenth Amendments to the Constitution, and MCL 750.411h (Michigan criminal stalking statute).  (DE 1, p. 4).

### B.    Procedural Background

Plaintiff's Complaint was filed November 21, 2016.  (DE 1.)  Judge Levy referred this case to me for all pretrial matters on March 7, 2017.  (DE 24.)  On March 8, 2017, St. John filed its Answer to Plaintiff's Complaint, and eight days later filed the instant Motion to Dismiss.  (DE 25, 36.)

---

[1] The parties have since stipulated to the dismissal of Defendants Dr. Vincent Maribao, Dr. Margo Abundis, and Eastside Gynecology.  (DE 33, 35.)

3

St. John asserts that Plaintiff's claims against it should be dismissed for several reasons, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, St. John states that the Court lacks subject matter jurisdiction over Plaintiff's claims against it because she has not pleaded how she has been injured by its alleged conduct, and she thus lacks Article III standing. St. John further argues that Plaintiff does not assert any avenue for jurisdiction over it, such as diversity jurisdiction or supplemental jurisdiction, and that Plaintiff's claims against that entity are unrelated to her Title VII employment discrimination claim. Finally, St. John argues that Plaintiff fails to state a claim for intentional infliction of emotional distress or negligent infliction of emotional distress against it.

The Court ordered Plaintiff to respond to St. John's motion to dismiss by June 15, 2017. (DE 37.) On June 15, 2017, Plaintiff filed a motion for extension of that deadline, which was granted, giving her until July 17, 2017 by which to respond. (DE 38; Text Only Order, 6/16/2017.) Plaintiff requested a second extension on July 17, 2017, which was likewise granted, establishing a new response deadline of August 7, 2017, but expressly stating "NO FURTHER EXTENSION WILL BE GRANTED ABSENT AN EXTREME SHOWING OF GOOD CAUSE." (DE 39; Text Only Order, 7/24/2017.) To date, Plaintiff has not filed a response to the instant motion.

### C. Standard

4

St. John brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Federal Rules of Civil Procedure provide that "[a] motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P 12(b).  Here, Defendant St. John filed its Answer on March 8, 2017, and filed the instant motion to dismiss on April 11, 2017.  (DE 25, 36.)  However, a party does not waive a defense based on subject matter jurisdiction by failing to raise it by motion before filing a responsive pleading.  Fed. R. Civ. P. 12(h)(1) (exempting a subject-matter jurisdiction defense from waiver merely by failure to assert the defense before a responsive pleading).  Furthermore, a court may make a determination of its subject matter jurisdiction at any time.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  Accordingly, the Court will examine its subject matter jurisdiction under Rule 12(b)(1).

A defendant is authorized to move for dismissal based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  In reviewing a motion under Rule 12(b), the "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record

5

by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

When faced with a challenge to subject matter jurisdiction, "a court must address

that issue before all others." *Cain v. Redbox Automated Retail, LLC*, 981 F.

Supp.2d 674, 681 (E.D. Mich. 2013) (collecting cases).

Motions under Rule 12(b)(1) fall into two categories: "facial attacks and

factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A

facial attack challenges "the sufficiency of the pleading itself," and the "court must

take the material allegations of the petition as true and construed in the light most

favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232,

235-37 (1974)). A factual attack does not challenge the sufficiency of the

allegations, but is a "challenge to the factual existence of subject matter

jurisdiction," to which "no presumptive truthfulness applies to the factual

allegations, and the court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear a case." *Id.* (internal citation omitted).

Furthermore, the Court holds *pro se* complaints to "less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not

have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).

6

**D.  Discussion**

St. John brings this motion under Rule 12(b)(1) and, in the alternative, 12(b)(6).  Because I conclude that the Court does not have subject matter jurisdiction over Plaintiff's claims against St. John, I will not address St. John's arguments that Plaintiff has failed to state a claim upon which relief can be granted under 12(b)(6).

### 1.  Rule 12(b)(1) Lack of Jurisdiction

St. John does not here contest the facts laid out in the complaint, and thus brings a facial attack.  Specifically, St. John argues that Plaintiff fails to plead damages necessary to establish the Court's subject matter jurisdiction, and that Plaintiff does not assert a basis for this Court's jurisdiction, such as diversity jurisdiction or supplemental jurisdiction.  Indeed, St. John argues, Plaintiff's Complaint stems from Title VII employment discrimination allegations against her former employers, and the purported claims against St. John are unrelated to those claims.  Therefore, St. John concludes, this Court lacks subject matter jurisdiction over Plaintiff's claims against it.

As a preliminary matter, the Court can consider St. John's motion to dismiss as unopposed.  "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."  *Humphrey v. United States Attorney General's Office*, 279 F. App'x

328, 331 (6th Cir. 2008); *see also Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012), *report and recommendation adopted*, *Sabharwal v. Chase Home Fin., LLC*, No. 11-131318, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* plaintiff). Here, Plaintiff was thrice offered the opportunity to respond to St. John's motion to dismiss, but she has not done so. Accordingly, Plaintiff is deemed to have waived opposition to this Motion. *See Humphre*y, 279 F. App'x at 331. Independent of Plaintiff's failure to oppose the motion, St. John's jurisdictional argument is well-taken.

Plaintiff's claims against St. John should be dismissed because Plaintiff has failed to allege any basis for federal jurisdiction over these claims. A permissive reading of Plaintiff's Complaint reveals that she is alleging claims against St. John for negligent and intentional infliction of emotional distress seemingly related to treatment she received at St. John locations on three occasions. (DE 1 at 17.) These are unquestionably state law claims and involve no federal questions as defined by 28 U.S.C. § 1331. Nor do these claims against St. John meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332, as both Plaintiff and St. John are pleaded to be Michigan residents. Therefore, this Court may only hear Plaintiff's claims against St. John if they fall within the Court's supplemental

jurisdiction under 28 U.S.C. § 1367(a).  *See* 28 U.S.C. § 1367; *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669 (6th Cir. 2005).

"The supplemental jurisdiction statute is not a source of original subject matter jurisdiction."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).  Rather, § 1367 provides in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related within such original jurisdiction that they form the same case or controversy* under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).  State and federal claims are part of the same case when they arise from the same "common nucleus of operative fact" and "are such that a plaintiff 'would ordinarily be expected to try them in one proceeding.'"  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).  Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 533 U.S. 156, 173, 118 S.Ct. 523, 139 L.E.2d 525 (1997) (citation omitted).

Plaintiff does not allege supplemental jurisdiction under 28 U.S.C. §
1367(a), and even is she did, its application is inappropriate here.  Plaintiff's
central allegations in this case, and the basis for federal question jurisdiction,
concern employment discrimination claims against her employers under Title VII.
The plain language of § 1367(a) confers on this Court jurisdiction over Plaintiff's
state law claims against St. John for negligent and intentional infliction of
emotional distress only if those claims are part of the same case or controversy as
the employment discrimination claims that form the basis for federal question
jurisdiction.   However, Plaintiff does not allege that she was ever employed by St.
John, and her allegations against that entity do not derive from a "common nucleus
of operative fact" as Plaintiff's Title VII employment discrimination claims against
Defendants Ford and MAP.  *United Mine Workers*, 383 U.S. at 725. The claims do
not involve the same parties and rely on separate factual inquiries that are not
related.  Moreover, a plaintiff would not "ordinarily be expected to try them in one
proceeding." *Id.*  In the absence of an independent basis for subject matter
jurisdiction with respect to the allegations against St. John, such claims should be
dismissed.  *See Auto-Owners Inc. v. Ergonomics Plus, Inc.*, 63 F. Supp.3d 754, 761
(E.D. Mich. 2014) (a plaintiff may not base subject matter jurisdiction on the
supplemental jurisdiction statute); *see also Dominguez v. Enriquez*, No. 2:13-CV-
654-WKW, 2014 WL 345451, at *2 (M.D. Ala. Jan. 30, 2014) (dismissing

plaintiff's state law assault and battery claim, finding that it did not arise out of a common nucleus of operative fact with plaintiff's FLSA claim because "the claims present different factual occurrences requiring separate proof").

Accordingly, I conclude that this Court lacks subject matter jurisdiction over Plaintiff's claims against St. John and recommend that the Court grant St. John's motion and dismiss Plaintiff's claims against it for lack of subject matter jurisdiction, without prejudice to whatever right she may have to file a state court action.  Because I have concluded that this Court is without subject matter jurisdiction, it would be improper to rule on the merits of Plaintiff's claims against St. John.  *Godsey v. Miller,* 9 F. App'x 380, 384 (6th Cir.2001) ("[W]ithout subject-matter jurisdiction, the court was without power to decide any substantive motion on the merits of the case.").

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 10, 2017            s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on October 10, 2017, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti

13