UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUNIECE LaSHAWN DIXON,

        Plaintiff                            Case No. 5:16-cv-14124
                                              District Judge Judith E. Levy
v.                                              Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO COMPEL DISCOVERY (DE 51)

The Court has reviewed Plaintiff's March 22, 2018 motion to compel discovery, Defendant's response and Plaintiff's reply. (DEs 51, 53 & 54.) Plaintiff's motion is **DENIED** for several reasons.

First, it fails to comply with Local Rule (LR) 7.1(a), which reads:

> **(a) Seeking Concurrence in Motions and Requests.**
>
> (1) The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.
>
> (2) If concurrence is not obtained, the motion or request must state:
>
>> (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of

> the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference; or
>
> (C) concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

Notably, the comments to LR 37.1, the rule which governs motions to compel discovery in this District, state that "Motions to compel discovery are also subject to LR 7.1." Additionally, the Undersigned's own practice guidelines make clear that, "Except in *pro se* prisoner cases, no motion shall be filed or considered unless the moving party or counsel has conferred in good faith by telephone or in-person with all other relevant parties or counsel in an effort to resolve the dispute, or has made a reasonable attempt to so confer." This matter has been referred to me for all pretrial purposes, as was again confirmed in Judge Levy's most recent status conference order. (DEs 24 & 50.) Although *pro se* pleadings may be treated more leniently than those drafted by lawyers, all litigants must still follow the applicable court rules. *See Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir.1988) ("When a person … chooses to represent himself, he should expect no special treatment which prefers him over others who are represented by attorneys."). The motion does not indicate compliance with the requirements identified above.[1]

---

[1] Defendant also notes that, "Plaintiff's only mention of any discontent with Ford's document production was in a March 20, 2017 [sic] status conference, at which

2

Second, the motion does not comply with LR 37.2, which requires that, "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." The motion does not recite or attach the responses or objections with which Plaintiff takes issue. The Court acknowledges, however, that Defendant mitigated this deficiency by attaching them to its response. (DE 53-3.)

Third, Plaintiff's motion only identifies specific complaints with respect to two of Defendant's responses, namely, its responses to Requests to Produce Nos. 1 and 3. (DE 51, ¶ 2.) As to Request No. 1, she complains that Defendant has failed to produce "her unredacted employee file which would include the names of employees that made complaints against her." (DE 51 at 1-2.) Yet in her reply brief, she indicates that, "Defendant has since provided Plaintiff with unredacted versions of complaints made against her by co-workers." (DE 54 at 2.) Since the failure to provide unredacted names of employees who made complaints against her is the very thing about which Plaintiff takes issue in her motion with respect to

---

time Judge Levy advised Plaintiff she could raise the issues with Ford to give Ford a chance to resolve any such issues before filing a motion." (DE 53 at 1.) Plaintiff replies that "Defendant's account of what was said on the status conference call is inaccurate." (DE 54 at 1.) The minute entry itself does not reflect Judge Levy's words on this subject.

Request to Produce No. 1, the Court will **DENY** this portion of her motion as **MOOT**.

Request to Produce No. 3 seeks:

Any document prepared during the regular course of business as a result of the incidents complained of in the Plaintiff's Complaint.

Defendant's corresponding objection states:

See Objections 1-9 asserted above, which are incorporated by reference. Ford further objects to the request is vague, ambiguous, and too uncertain to ascertain.[2]

In its response brief, Defendant further explains the basis of this objection, namely that it "could not respond further because Plaintiff's 31-page Complaint included bizarre, rambling and unintelligible allegations against some 11 Defendants that did little to shed light on the subject matter of her claims against Ford." (DE 53 at 8.) Without adopting Ford's pejorative adjectives, the Court agrees that, in light of the nature of Plaintiff's pleadings, her third request to produce lacks the specificity needed to identify exactly what is being sought in discovery. The objection is well taken, and thus **SUSTAINED.**

---

[2] As the Undersigned's practice guidelines for discovery practice make clear, "In responding to discovery requests, form or boilerplate objections shall not be used and, if used, may subject the party and/or its counsel to sanctions. Objections must be specific and state an adequate individualized basis." Thus, in the Court's view Defendant's nine preliminary objections, as referenced in the first sentence of the specific objection at issue, are essentially meaningless, and the practice of making such objections should be avoided in the future.

Finally, Plaintiff's reply brief raises issues of spoliation and suggests that she has evidence which should have been produced by Ford, but which was not. These are issues for another day, which may be explored by way of impeachment, requested jury instructions or otherwise.

For the reasons stated above, Plaintiff's motion to compel discovery is **DENIED.**

**It is SO ORDERED.**

Dated: June 5, 2018
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of this document was sent to parties of record on June 5, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti