UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUNIECE LaSHAWN DIXON,

      Plaintiff,                                 Case No. 2:16-cv-14124
                                                District Judge Judith E. Levy
v.                                                  Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

      Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION TESTIMONY (DE 70)

This matter comes before the Court on Plaintiff's motion to suppress deposition testimony pursuant to Fed. R. Civ. P. 32(a)(5)(B) and 32(d)(4), and Ford's response in opposition. (DEs 70, 74.) Plaintiff's motion is denied for the reasons set forth below.

**A. Background**

Plaintiff, Euniece LaShawn Dixon, who is proceeding without the assistance of counsel, filed her "Complaint for Employment Discrimination" on November 21, 2016 against her former employer, Ford Motor Company ("Ford"), and a number of other defendants, alleging claims for a sexually hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as possible constitutional claims under the First,

Fourth, Fourteenth, and Fifteenth Amendments, and criminal law claims. Judge Levy referred this case to me for all pretrial matters on March 7, 2017. (DE 24.) All defendants, except Ford, previously have been dismissed, either by Court Order or stipulation.

Plaintiff's deposition in this case was conducted on May 2, 2018. On July 9, 2018, Ford filed its motion for summary judgment. (DE 63.) Plaintiff responded to Ford's motion for summary judgment (DEs 71, 72), and Ford filed a reply brief in support of its motion. (DE 73.) On the same day as she filed her response to Ford's motion for summary judgment, Plaintiff also filed the instant motion to suppress her deposition testimony. (DE 70.) Ford filed a response in opposition to Plaintiff's motion on August 27, 2018. (DE 74.)

**B. Discussion**

Plaintiff advances two arguments in her motion as to why her deposition testimony should be suppressed. First, she contends that she was an "unavailable deponent" unable to obtain an attorney pursuant to Federal Rules of Civil Procedure 30(a)(2)(A)(iii) and 32(a)(5)(B) because she "was not accompanied by an attorney during her deposition despite years of trying to obtain legal counsel." Second, Plaintiff objects, pursuant to Rule 32(d)(4), to how her deposition testimony was transcribed or "prepared, signed, certified, sealed, sent, or otherwise

dealt with" by Ford. (DE 70.) Ford responds that Plaintiff's motion is "without merit." (DE 74.)

### 1. Plaintiff was not an "unavailable" deponent pursuant to Rule 32(a)(5)(B)

Federal Rule of Civil Procedure 32(a)(5)(B) provides:

> A deposition taken without leave of court *under the unavailability provision of Rule 30(a)(2)(A)(iii)* must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

(emphasis added). Rule 30(a)(2)(A)(iii) provides that "[a] party must obtain leave of court" to take a deposition if "the parties have not stipulated to the deposition *and … the party seeks to take the deposition before the time specified in Rule 26(d)*…." (emphasis added). Rule 26(d) provides that a "party may not seek discovery from any source before the parties conferred as required by Rule 26(f)" unless the Federal Rules or Court Order authorize otherwise.

As Ford correctly explains in its response, any limitation available to an "unavailable" party-deponent unable to obtain an attorney under Rule 32(a)(5)(B) applies *only* when the noticing party "seeks to take the deposition before the time specified in Rule 26(d)[,]" Fed. R. Civ. P. 30(a)(2)(iii), and that did not happen in this case. The parties here conferred as required under Rule 26(f) on September 20, 2017 (DE 42), and Ford did not serve Plaintiff with a notice of deposition until November 22, 2017, noticing Plaintiff's deposition for January 18, 2018. (DE 74-

2.) Therefore, Ford did not seek to take Plaintiff's deposition "before the time specified in Rule 26(d)," and the limitation on which Plaintiff relies does not apply here.

### 2. Plaintiff has failed to identify any error in transcription of her deposition pursuant to Rule 32(d)(4)

Plaintiff also moves to suppress her deposition transcript pursuant to Fed. R. Civ. P. 32(d)(4) because she contends that her deposition transcript "was changed, deleted, and is inaccurate." Specifically, Plaintiff asserts that she was informed on May 22, 2018 that the transcript was 291 pages, and that when she later purchased the transcript, she received an invoice for 291 pages of transcription and 202 pages of exhibits, but that she received only 250 pages of transcription along with 202 pages of exhibits. She was subsequently told that the missing 41 pages were the word index, which she received the next day. (DE 70.)

Rule 32(d)(4) provides:

> An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(4). Ford states that it filed and served on Plaintiff a copy of the entire deposition transcript (without the word index) as an exhibit to its motion for summary judgment. (DEs 62-2, 62-3.) That transcript is 250 pages long. (*Id.*) Plaintiff admits that she received from the court reporting service 250 pages of

transcription along with 202 pages of exhibits, and that the court reporting service explained that the missing additional 41 pages represented the word index, which she received the next day. (DE 70 at 2.) The testimony transcript and the accompanying word index in fact add up to 291 pages, just as Plaintiff anticipated and paid for. Accordingly, Plaintiff has received the entire deposition transcript, has failed to identify an error in her deposition transcript under Rule 32(d)(4), and her motion to suppress is without merit.[1]

**C. Conclusion**

Accordingly, Plaintiff's motion to suppress deposition testimony is **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated: October 23, 2018  s/*Anthony P. Patti*
　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also states, without any further elaboration, that she "believes the 8/1/15 recording with labor relations was transcribed improperly." (DE 70 at 2.) However, Rule 32(d)(4) applies only to deposition transcripts, not transcripts of other recordings. In any event, this argument is undeveloped and deemed waived. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.' ") (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 23, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti
