UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eunice LaShawn Dixon,

        Plaintiff,        Case No. 16-cv-14124

v.        Judith E. Levy
        United States District Judge

Ford Motor Company,

        Mag. Judge Anthony P. Patti

        Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [76] AND DENYING PLAINTIFF'S OBJECTIONS [77]**

Before the Court is Magistrate Judge Anthony Patti's Report and Recommendation recommending the Court grant defendant Ford Motor Company's Motion for Summary Judgment. (Dkt. 76.) The parties were required to file specific written objections within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). Plaintiff filed seven objections.

### I. Background

The Court adopts the factual background laid out in Magistrate Judge Patti's Report and Recommendation. (Dkt. 76 at 4–12.) Additional facts and references to the record are cited and explained, as necessary, below.

## II. Legal Standard

A party may object to a Magistrate Judge's report and recommendation on dispositive motions by filing "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(a)-(b). A district judge must resolve *proper* objections. *Id.* District courts review parts of a report and recommendation that have "been properly objected to" *de novo.* 72(b)(3). Objections to a report and recommendation that only dispute the general correctness of a report and recommendation are improper. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241 (6th Cir. 2018). Instead, the objections must go to "factual and legal" issues "that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III. Analysis

### a. Objection 1: Magistrate's Reliance on Defendant's Declarations

Plaintiff first objects to Magistrate Judge Patti's reliance on "sham" unsworn affidavits, identified as Exhibits 2, 4, and 6 to defendant's summary judgment motion. But all three of these exhibits are

2

*declarations* made pursuant to 28 U.S.C. § 1746. "While an 'affidavit' is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths,' 28 U.S.C. § 1746 allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it," if made in the proper statutory form. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (quoting Blacks Law Dictionary 54 (5th ed. 1979)). Section 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person *which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form* . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

Here, the exhibits identified comply with the statute. All three are signed and dated below the following declaration: "I declare under penalty of perjury that the foregoing is true and correct." (Dkts. 63-5 at 6; 63-7 at 4; 63-9 at 3.) So, although plaintiff is correct that the exhibits

3

are unsworn statements, they nonetheless "satisfy[y] 28 U.S.C. § 1746 and may be considered as an unsworn declaration." *See Synder v. Wal-Mart Stores, Inc.*, No. 18 C 583, 2018 U.S. Dist. LEXIS 55588, at *9 (N.D. Ill. April 2, 2018). Because the declarations are proper and are, in fact, listed in Rule 56 as competent evidence to support a motion for summary judgment, it was not error for the Magistrate Judge to rely on them. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by[ ]citing to particular parts of materials in the record, including . . . affidavits or declarations."). Plaintiff's first objection is denied.

### b. Objections 2-4: Expert Testimony, Impermissible Medical Notes, and Court Documentation Relating to Plaintiff's Mental Health

Objections two through four also fail. These objections seemingly revolve around plaintiff's multiple mental health diagnoses made in unrelated state proceedings. Plaintiff's objections appear to be rooted in her general disagreement with these diagnoses. The Court neither agrees nor disagrees with, nor is in any position to evaluate, the various diagnoses from various treaters referenced on the record from outside proceedings.

Regardless of plaintiff's disagreement with these various statements and diagnoses, objections to a report and recommendation must go to "factual and legal" issues "that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147; *Miller*, 50 F.3d at 380. Further, objections must "pinpoint the *Magistrate Judge's* alleged errors," rather than opposing counsel's. *See Andres*, 733 F. App'x at 244 (emphasis added). Although plaintiff's diagnosis was referenced as factual background in the Report and Recommendation, no diagnosis was at the heart of the dispute and none are relied upon in the Magistrate Judge's reasoning and adjudication of plaintiff's claims.

In objection two, plaintiff appears to object to the characterization of a psychologist who evaluated her in an unrelated probate matter as an "expert." The only reference Magistrate Judge Patti makes to this psychologist is the following statement in the factual background section: "Following a hearing in the Macomb County Probate Court on December 8, 2016 that included testimony by the examining mental health expert, the Probate Court ordered Plaintiff hospitalized for up to 60 days of inpatient treatment followed by an additional 30 days of alternative treatment." (Dkt. 76 at 11 (citing Dkt. 63-8).) The document cited by

5

Magistrate Judge Patti (Dkt. 63-8) is a transcript from a probate court hearing prompted by plaintiff's mother, who was seeking plaintiff's involuntary hospitalization. (Dkt. 63-3 at 25-26.) The hearing includes a diagnosis by Dr. Raymond Dwaihy, whose qualifications were stipulated to on the record. (*Id.* at 6.) He diagnosed plaintiff with a psychotic disorder, explaining that she had "elaborate fixed delusional system association with feeling that she's being stalked by people who are trying to interfere with her life." (*Id.* at 7.)

There is no basis for this Court to review this stipulation, which was made in state probate court. Nor is the stipulation relevant to the pending motion in this case. To the extent plaintiff's mental health is referenced in the Report and Recommendation, it only serves as factual context for her beliefs about and allegations against defendant. And although the context may help the Court understand that plaintiff feels distrustful of various people in her life for reasons beyond her control, neither her diagnosis nor the related discussion during or about the probate court proceeding are relevant to the outcome of her case in this Court. Magistrate Judge Patti explained that plaintiff's claims are not

supported by sufficient competent evidence. He did not rely on any past diagnosis to reach this conclusion. Objection two is denied.

Objection three is also unclear and irrelevant. Plaintiff points to a page in her deposition and argues that an attorney for the defendant did not have authorization to obtain medical notes relied upon during the deposition and did not produce the documents on the record.[1] As with objection two, this objection does not touch the heart of the dispute nor does it pinpoint any specific error in the Magistrate Judge's Report and Recommendation. The portion of the deposition at issue in plaintiff's objection was not used or relied upon by the Magistrate Judge. Whether or not it was improper for opposing counsel to rely upon this documentation had no bearing on the proper dismissal of plaintiff's claims.

Finally, plaintiff objects to the use of a copy of plaintiff's mother's probate court petition for plaintiff's involuntary hospitalization. (Dkt. 63-4.) Plaintiff does not believe that defendant obtained a copy of this from the probate court and claims instead that "the use of the petition offers

---

[1] Notably, defendant clarifies that it did not have this documentation. It had requested documentation related to this doctor in discovery requests. But since plaintiff did not produce any notes, it had none.

concrete evidence that defendants entered Plaintiff's home on at least one occasions [sic]." (Dkt. 77.) This unsubstantiated allegation and conjecture by plaintiff is not a legitimate objection and does not relate to any error made by the *Magistrate Judge*. For this and other reasons cited above, objection four fails as well.

### c. Objection 5: Magistrate's Categorization of Plaintiff's Documentation as Incompetent Evidence

In objection five, plaintiff takes issue with a statement by defendant that a piece of plaintiff's proffered evidence in opposition to its motion for summary judgment was "self-serving hearsay." But a proper objection must identify an error made by the Magistrate Judge. The Court will address this objection to the extent the Report and Recommendation similarly characterizes this evidence and then determines that it cannot be relied upon.

As Magistrate Judge Patti correctly points out, once defendant has met its initial burden under Rule 56, plaintiff must show through competent evidence that there is an issue of triable fact. (*See* Dkt. 76 at 13 (citing *Wrench LLC v. Taco Bell Corp*, 256 F.3d 446, 453 (6th Cir. 2001)).) Here, plaintiff's daily log – presumably found at Docket Entry 72

8

at 23-27 – is not competent evidence to refute Ford Motor Company's motion. It is also largely illegible.

Rule 56 helpfully enumerates the types of competent evidence that may create a genuine issue of fact to defeat summary judgment; parties should cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Any evidence may be objected to if it cannot be presented in a form that would be admissible in evidence. 56(c)(2). Here, plaintiff's log is largely illegible. In addition, it is not in any proper form, as that term is used in the rule. It is not a signed declaration or affidavit. Unfortunately, the writing is also difficult to discern since the handwriting is on top of typewritten words. Therefore, not only is the log not proper evidence to create an issue of triable fact, but also it is nearly impossible to ascertain the content of these writings, much less draw upon them to identify an issue of fact. The Magistrate Judge correctly declined to consider this proffered evidence. Defendant's characterization of the log as hearsay, while likely correct, need not be discussed here. For these reasons, objection 5 is denied.

### d. Objection 6: Magistrate's Reliance on *Dorr v. Ling*

Plaintiff objects to Magistrate Judge Patti's reliance on a report and recommendation he previously authored that had been subsequently adopted by another judge in this district. Magistrate Judge Patti stated:

> Finally, like the above-cited cases, in light of the complete failure of proof and the nature and details of the allegations, the Court cannot escape the conclusion that Plaintiff's allegations in the instant matter are also "fanciful, fantastic or delusional." *See Dorr v. Ling*, 2017 U.S. Dist. LEXIS 221750, *4 (E.D. Mich. Nov. 21, 2017) (Patti, M.J.), report and recommendation adopted (Borman, J.).

(Dkt. 76 at 21-22.) There is no law, and plaintiff does not cite any, to suggest a magistrate judge is not free to cite previously adopted reports and recommendations. The Court regularly considers and cites to previous opinions for persuasive guidance on how to rule in similar matters. In any case, Magistrate Judge Patti's reference was merely explanatory and was not necessary for the disposition of the case. Objection 6 is without merit.

### e. Objection 7: Bias, Violation of Michigan Code of Judicial Conduct Canons 1 and 2

In her final objection, plaintiff objects again to Magistrate Judge Patti's reference to *Dorr v. Ling*, in addition to claiming that he is biased

10

against her based on his "relationships with one or more defendants." (Dkt. 77 at 6.) This objection is without merit. Plaintiff makes baseless allegations without any explanation. Plaintiff's final objection is likewise denied.

## IV. Conclusion

The Court has carefully reviewed the Report and Recommendation and concurs in the reasoning and result. It has also carefully reviewed each of plaintiff's seven objections and the accompanying record and finds that the objections are without merit. Accordingly,

Plaintiff's objections (Dkt. 77) are DENIED and the Report and Recommendation (Dkt. 76) is ADOPTED;

Plaintiff's motion pursuant to Federal Rule of Civil Procedure 56(d) is DENIED;

Further, Defendant's Motion for Summary Judgment (Dkt. 63) is GRANTED and plaintiff's remaining claims are DISMISSED with

prejudice with prejudice.

IT IS SO ORDERED.

Dated: December 4, 2018           s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager